UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:25-cv-00861

| | |
|---|---|
| JAMES WHITLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) COMPLAINT and DEMAND FOR JURY |
| CARVANA, LLC, | ) TRIAL ) ) |
| Defendant. | ) ) ) |

Plaintiff James Whitley ("Whitley"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against his former employer, Defendant Carvana, LLC ("Carvana"). Whitley additionally brings a claim under the common law of North Carolina for wrongful discharge in violation of public policy.

## NATURE OF WHITLEY'S CLAIMS

1. Whitley was employed by Carvana from May 1, 2023, through September 13, 2024, as a Cosmetic Associate II in the body work and paint department at Carvana's Concord, North Carolina facility, where his responsibilities included rehabbing vehicles by fixing dents, scratches, and other body damage, panel replacement, metal pulling, and plastic welding. Following a January 2024 physical assault by a coworker that exacerbated his pre-existing back condition and caused mental health issues, Whitley was subjected to ongoing disability discrimination and retaliation, including assignment to more physically demanding tasks despite his medical restrictions, harassment by coworkers who sabotaged his work and stole his tools, and threats from

management not to complain to human resources. Despite Carvana initially accommodating prior medical leave requests, the company ultimately denied Whitley's final leave request in August 2024 and terminated his employment on September 13, 2024, citing attendance policy violations for the very absences that should have been excused as disability-related accommodations

## THE PARTIES

7. Whitley is an adult individual who is a resident of Charlotte, North Carolina.

8. Carvana is a limited liability company formed under the laws of the State of Arizona, and is registered to do business in the State of North Carolina with its principal place of business located at 1930 W. Rio Salado Pkwy, Tempe, AZ 85281.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 for Whitley's claims brought under the ADA and FMLA.

10. Whitley's wrongful discharge in violation of public policy claim is based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. ¶ 1367 for the pendent state claims because they arise out of the same nucleus of facts giving rise to Whitley's ADA and FMLA claims.

11. This Court has personal jurisdiction over Carvana because it conducts substantial and continuous business in the State of North Carolina, and the unlawful acts and omissions giving rise to Whitley's Complaint occurred at Carvana's facility located in Concord, North Carolina, which is within this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Carvana has substantial business contacts in this district and because a substantial part of the events

or omissions giving rise to the claim occurred in Cabarrus County, North Carolina, which is located within the Western District of North Carolina.

## COVERAGE AND ADMINISTRATIVE EXHAUSTION

13. At all times relevant to this action, Whitley was a "qualified individual" covered by the protections of the ADA, as amended, within the meaning of 42 U.S.C. § 12111(8).

14. At all relevant times, Whitley was an "employee" within the meaning of 42 U.S.C. § 12111(4).

15. At all relevant times, Carvana was a "covered entity" engaged in an industry affecting commerce, and is an "employer" within the meaning of 42 U.S.C. § 12111(5), in that it employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

16. Whitley satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Carvana with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2025-02051, on or about March 12, 2025, alleging discrimination and retaliation based on his disability. On July 31, 2025, the EEOC issued a Determination and Notice of Rights. Whitley timely brings this action within ninety (90) days of his receipt thereof.

## FACTUAL ALLEGATIONS

17. Whitley began his employment with Carvana on or about May 1, 2023, and held the Cosmetic Associate II role at its Concord, North Carolina facility.

18. At all relevant times during his employment, Whitley met or exceeded Carvana's legitimate employment expectations as evidenced by his consistent work performance and a lack of any legitimate disciplinary actions before the events described herein.

19. Whitley is an individual with a disability as defined by the ADA. Whitley suffers from conditions including, but not limited to, a hernia, a pre-existing back condition, severe back pain, muscle spasms, and mental health issues, including depression, fear, and humiliation.

20. These physical and mental impairments substantially limit one or more of Whitley's major life activities, including, but not limited to, lifting, sitting, concentrating, sleeping, thinking, communicating, and working.

21. On or about January 20, 2024, Whitley was physically assaulted at work by a coworker. While Whitley was bent over, the coworker struck him in the back and buttocks area with three paint sticks. The assault startled Whitley and caused him to experience significant back pain and muscle spasms, exacerbating his pre-existing conditions.

22. On January 25, 2024, Whitley engaged in protected activity by formally reporting the assault to his Reconditioning Manager, Travis Williams ("Williams"), via email. Upon information and belief, Carvana failed to conduct a proper investigation into the assault.

23. As a direct result of the assault and the resulting exacerbation of his physical and mental health conditions, Whitley was required to take a protected medical leave of absence from approximately February 8, 2024, to February 18, 2024, which Carvana approved as an ADA accommodation.

24. Following his return from leave, Whitley's work environment became increasingly hostile and retaliatory. On or about March 25, 2024, Carvana issued Whitley a final written warning for attendance issues, including for absences that were necessitated by his disability and should have been treated as protected leave.

25. On or about March 27, 2024, Whitley engaged in further protected activity when he met with Williams and complained that the written warning was improper as it was based on

4

his use of protected leave. Whitley also complained that since his return from leave, he was being discriminated against due to his disability. Specifically, he was being assigned more physically demanding jobs despite his known back pain and was not allowed to trade jobs like non-disabled employees.

26. In response to Whitley's complaints, Williams threatened his employment, stating that if Whitley complained to human resources, Williams would fire him due to his accumulated attendance points.

27. After threatening Whitley's employment, Williams then acknowledged Whitley's physical limitations by restructuring his position to include "light-duty" work on cars that did not require heavy repairs.

28. Despite this accommodation, the hostile work environment and retaliation continued and intensified. On a weekly basis, Whitley's coworkers harassed him about his disability, stole his tools, and hid his work stool, forcing him to sit on the hard concrete floor, which exacerbated his back pain and disability. Coworkers also intentionally sabotaged Whitley's completed work by scratching paint or adding dents to vehicles he had just repaired.

29. The added stress and hostility from this unabated harassment further exacerbated Whitley's back pain, muscle spasms, and mental health issues, necessitating that he take another period of protected leave.

30. In or about late May 2024, Whitley applied for and was granted FMLA leave. On or about May 28, 2024, while he was on this approved FMLA leave, Whitley's manager, Mike Lang ("Lang"), sent him a text message stating that his employment was terminated "effectively immediately due to the attendance policy."

31. Whitley immediately complained to Carvana's human resources department. After a brief investigation, Carvana rescinded the termination, acknowledging that Whitley's absences were protected by the FMLA.

32. On or about August 13, 2024, Whitley's disability-related symptoms, including back pain, muscle spasms, and mental health issues, required him to take another leave of absence. He properly requested FMLA leave from August 13, 2024, to August 23, 2024, and later sought to extend this leave due to his ongoing medical issues.

33. Whitley's request for leave was a request for a reasonable accommodation under the ADA for his disability.

34. Despite granting Whitley prior leaves of absence and being fully aware of his ongoing medical conditions, Carvana failed to engage in a good-faith interactive process.

35. On or about September 10, 2024, Carvana denied Whitley's request for leave, claiming it "never received anything to support [his request]."

36. As a result of this denial, Carvana deemed all of Whitley's absences from August 13, 2024, onward as "unexcused" and assessed attendance "points" against him.

37. On or about September 13, 2024, Carvana terminated Whitley's employment, citing his accumulation of unexcused absences.

38. Carvana's stated reason for terminating Whitley's employment—violation of its attendance policy—is a pretext for unlawful disability discrimination and retaliation.

39. Carvana failed to provide a reasonable accommodation for Whitley's disability by refusing to designate his disability-related absences as protected leave, as it had done in the past. Had Carvana properly designated his absences as a reasonable accommodation, Whitley would not have accrued any attendance points and would not have been terminated.

40. Carvana terminated Whitley's employment because of his disability and in retaliation for his engagement in protected activities, including his repeated requests for reasonable accommodations and his complaints of disability discrimination and harassment.

41. Carvana's termination of Mr. Whitley was the culmination of a pattern of discriminatory animus and retaliation for his disability and protected activity, designed to push him out of his employment.

42. Carvana's actions constitute an intentional, willful, and reckless disregard for Whitley's rights as protected by the ADA.

**FIRST CAUSE OF ACTION**
**(Violation of the ADA – Discrimination)**

48. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49. At all relevant times, Carvana employed fifteen (15) or more employees and is an "employer" as defined by the ADA.

50. Whitley is a qualified individual with a disability under the ADA. Whitley's physical and mental impairments, including but not limited to his back condition, hernia, muscle spasms, and mental health issues, substantially limit one or more major life activities, including but not limited to lifting, sitting, concentrating, and working.

51. Carvana knew or should have known of Whitley's disability and the limitations is caused on his ability to perform major life activities.

52. At all relevant times, Whitley was able to perform the essential functions of his job with or without a reasonable accommodation.

53. Carvana discriminated against Whitley on the basis of his disability by, among other things: (a) subjecting him to a hostile work environment; (b) assigning him more physically

demanding tasks despite his known medical restrictions; (c) failing to provide a reasonable accommodation for his disability-related absences; and (d) terminating his employment because of his disability.

54. Carvana's stated reason for terminating Whitley—violation of its attendance policy—is a pretext for disability discrimination, as the absences in question were necessitated by Whitley's disability and should have been provided as a reasonable accommodation.

55. Carvana's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Whitley's rights as protected by the ADA.

56. As an actual, proximate, and foreseeable result of Carvana's discriminatory actions, Whitley has suffered and will continue to suffer damages, including lost back and front pay, loss of benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, anxiety, depression, embarrassment, and humiliation.

## SECOND CAUSE OF ACTION
**(Violation of the ADA – Retaliation)**

56. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

57. Whitely engaged in activities protected by the ADA by, among other things: (a) reporting the January 2024 assault that exacerbated his disability; (b) requesting and taking multiple leaves of absence as a reasonable accommodation for his disability; (c) complaining to management on or about March 27, 2024, that he was being discriminated against because of his disability; and (d) requesting a final leave of absence as a reasonable accommodation in August 2024.

58. Carvana subjected Whitley to adverse employment actions, including but not limited to: (a) management threatening to terminate him if he reported discrimination to human

resources; (b) creating and/or tolerating an increasingly hostile work environment; (c) wrongfully terminating him in May 2024, although later rescinded; (d) denying his final request for a reasonable accommodation of leave; and (e) ultimately terminating his employment on or about September 13, 2024.

59. A causal connection exists between Whitely's protected activities and the adverse employment actions taken by Carvana. The adverse actions occurred in close temporal proximity to Whitley's protected activities and were part of a pattern of escalating retaliation following his complaints and requests for accommodation.

60. Carvana's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Whitley's rights as protected by the ADA.

61. As an actual, proximate, and foreseeable result of Carvana's retaliatory actions, Whitley has suffered and will continue to suffer damages, including lost back and front pay, loss of benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, anxiety, depression, embarrassment, and humiliation.

## THIRD CAUSE OF ACTION
**(Violation of the ADA – Hostile Work Environment)**

62. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

63. Whitley was subjected to unwelcome harassment based on his disability. This harassment included, but was not limited to, managers assigning him more physically demanding jobs, coworkers stealing his tools and work stool, coworkers intentionally sabotaging his work product, and managers threatening him for engaging in protected activity.

64. The harassment was severe and/or pervasive enough to alter the conditions of Whitley's employment and create an abusive, hostile, and intimidating working environment.

65. Carvana, through its managers and supervisors, knew or should have known about the disability-based harassment because Whitley repeatedly complained about the conduct to his managers.

66. Carvana failed to take prompt and effective remedial action to stop the harassment. Instead, Carvana's management participated in and condoned the harassment, allowing it to continue and intensify.

67. Carvana's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Whitley's rights as protected by the ADA.

68. As an actual, proximate, and foreseeable result of Carvana's actions creating and failing to remedy a hostile work environment, Whitley has suffered and will continue to suffer damages, including lost back and front pay, loss of benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, anxiety, depression, embarrassment, and humiliation.

**FOURTH CAUSE OF ACTION**
**(Wrongful Discharge in Violation of North Carolina Public Policy)**

69. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

70. The public policy of the State of North Carolina, as set forth in the North Carolina Persons With Disabilities Protection Act, N.C.G.S. § 168A-1, *et seq.*, prohibits employers from discriminating against qualified persons with disabilities on the basis of their disabling condition.

71. Carvana violated this clear mandate of public policy by discriminating against and terminating Whitley, a qualified person with a disability, because of his disability.

72. As a direct and proximate result of Carvana's unlawful conduct, Whitley has suffered and will continue to suffer damages, including lost back and future wages, lost benefits, and other damages.

73. Carvana's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Whitley's rights. As a result, Whitley is entitled to recover punitive damages.

**FIFTH CAUSE OF ACTION**
**(Violation of the FMLA – Interference)**

74. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

75. Carvana unlawfully interfered with, restrained, and denied Whitley's exercise of his rights under the FMLA.

76. Carvana's acts of interference include, but are not limited to, terminating Whitley's employment on or about May 28, 2024, while he was on approved FMLA leave, and threatening him with termination if he complained to human resources, thereby discouraging him from exercising his FMLA rights.

77. Carvana's actions were intentional, willful, and/or undertaken with reckless disregard for Whitley's rights under the FMLA.

78. As an actual, proximate, and foreseeable result of Carvana's interference with his FMLA rights, Whitley has suffered and will continue to suffer damages, including lost back and front pay, loss of benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, anxiety, depression, embarrassment, and humiliation.

## SIXTH CAUSE OF ACTION
### (Violation of the FMLA – Discrimination and Retaliation)

79. Whitley realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

80. Carvana unlawfully discriminated and retaliated against Whitley for opposing practices made unlawful by the FMLA and for participating in proceedings and inquiries under the FMLA, including by requesting and taking FMLA-protected leave.

81. Carvana's discriminatory and retaliatory acts include, but are not limited to, subjecting him to a hostile work environment, unfairly disciplining him, and ultimately terminating his employment on or about September 13, 2024, because he requested and took FMLA-protected leave.

82. Carvana's actions were intentional, willful, and/or undertaken with reckless disregard for Whitley's rights under the FMLA.

83. As an actual, proximate, and foreseeable result of Carvana's FMLA discrimination and retaliation, Whitley has suffered and will continue to suffer damages, including lost back and front pay, loss of benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, anxiety, depression, embarrassment, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Whitley respectfully requests the following relief:

a. A Declaration and finding that Carvana willfully violated provisions of the ADA by discriminating against Whitley because of his disability, including by terminating his employment;

b. A Declaration and finding that Carvana willfully violated provisions of the ADA by retaliating against Whitley for engaging in protected activity, including by

requesting reasonable accommodations and complaining about disability discrimination;

c. A Declaration and finding that Carvana willfully violated provisions of the ADA by subjecting Whitley to a hostile work environment based on his disability;

d. A Declaration and finding that Carvana willfully violated North Carolina state law by wrongfully terminating Whitley's employment in violation of North Carolina's clearly established public policy;

e. A Declaration and finding that Carvana willfully violated provisions of the FMLA by interfering with Whitley's rights as protected by the FMLA;

f. A Declaration and finding that Carvana willfully violated provisions of the FMLA by discriminating and retaliating against Whitley for exercising his rights under the FMLA;

g. An Order requiring Carvana to pay Whitley for all lost wages and employment benefits (back pay) from the day Carvana unlawfully terminated his employment until the day of final judgment;

h. An Order requiring Carvana to reinstate Whitley to the position from which he was unlawfully terminated or, in the alternative, an award of front pay in lieu thereof;

i. An Order requiring Carvana to pay Whitley liquidated damages as provided for by the FMLA;

j. An Order requiring Carvana to pay Whitley compensatory damages for his emotional distress, anxiety, depression, pain and suffering, embarrassment, and humiliation;

k. An Order requiring Carvana to pay Whitley punitive damages for its intentional, willful, and/or reckless disregard for Whitley's federally protected rights;

l. An Order requiring Carvana to pay Whitley all reasonable attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

m. An Order requiring Carvana to pay Whitley pre-judgment and post-judgment interest at the highest rates allowed by law on all sums recoverable; and

n. An Order granting such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Whitley demands a trial by jury for all issues of fact.

Dated: October 20, 2025.

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*